Judge WILLIAM F. KLINE, JR., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
JjFOIL, J.
This appeal challenges the dismissal of a claim on the basis it was prescribed. We affirm.
BACKGROUND
The factual background for the instant appeal is succinctly stated in the trial court’s written reasons for judgment as follows:
*643 By petition filed June 29, 2000, Quality Environmental Processes, Inc. (“Quality”), Michael X. St. Martin, and Virginia Rayne St. Martin (“the St. Martins”) initiated this proceeding seeking a judgment declaring them to be the owners of certain minerals under designated land in Terrebonne Parish, Louisiana, acquired by the St. Martins on June 28, 1992, and the proper recipients of royalties pursuant to mineral leases affecting the land in question. The plaintiffs also seek an accounting of royalty proceeds attributable to production from the land, cancellation of the leases, and damages.
The plaintiffs specifically allege that the defendant, Mobil Exploration & Producing U.S., Inc. (“Mobil”), is the successor of The Superior Oil Company, to whom the plaintiffs’ ancestors in title granted certain mineral leases dated March 31, 1954, and December 1, 1963, affecting the land at issue in this case. The plaintiffs further allege Mobil conveyed various interests in these leases to other defendants. By this suit against Mobil, the plaintiffs seek, among other things, recovery of mineral royalties attributable to production from the land in question after June 23, 1992, and cancellation of the 1954 mineral lease referred to above for failure of Mobil to pay such royalties after demand in 1993.
In response to the petition, the defendant, Mobil, filed exceptions of no right of action, prescription, prematurity and/or want of amicable demand, and improper cumulation of actions. By judgment rendered in this matter on October 25, 2000, all of the exceptions were overruled except the exception of prematurity which resulted in the dismissal of the claims against Mobil by Quality only.
On January 25, 2001, Mobil filed a motion seeking a summary judgment and requesting that this court reconsider its decision of October 25, 2000, overruling its exception of prescription....
Plaintiffs’ claims arising out of the December 1, 1963 lease were dismissed by the trial court pursuant to the granting of the motion for summary judgment. That ruling is not at issue in this appeal.
| ¡¡Plaintiffs appeal the subsequent ruling of the trial court, which sustained Mobil’s exception of prescription regarding the 1954 mineral lease. In support of this exception, Mobil urged that because plaintiffs did not file suit until June 29, 2000, any cause of action they may have had against Mobil for failure to pay royalties prescribed by virtue of Louisiana Civil Code article 3494, which specifically sets forth a liberative prescriptive period of three years for actions to recover royalty payments. Mobil asserted that even if one goes back three years before the date the suit was filed (June 29, 1997), plaintiffs would not have a cause of action for royalties from 1997-2000 because Mobil transferred all of its interest in the 1954 mineral lease to Phillips Petroleum Company in 1995, and therefore, it no longer had any obligation to pay royalties to anyone. Therefore, Mobil posited, all of its royalty payment obligations were prescribed at the time the plaintiffs filed suit.
DISCUSSION
Plaintiffs concede that any claims for royalties accruing more than three years from the date this suit was filed have prescribed. The only issue remaining in the litigation with respect to Mobil is whether plaintiffs have a viable claim for royalties based on the 1954 lease.
Mobil argues that there are two reasons why it cannot be held liable for royalties to plaintiffs. The first, it insists, is that plaintiffs never acquired the mineral rights to the subject property. Although plain *644 tiffs’ ownership of the mineral rights may be at issue with respect to other defendants in the litigation, the resolution of this issue is not essential to render a determination in the case of Mobil. Accordingly, we pretermit discussion of the ownership issue raised by Mobil in its brief.
It is undisputed that Mobil assigned all of its interest in the lease to Phillips on December 1, 1995, more than three years prior to the filing of the instant suit. It is also undisputed that for more than three years before this suit was filed, Mobil was not a lessee under the 1954 lease. In an effort to |4avoid the effect of prescription, plaintiffs rely on article 129 of the Louisiana Mineral Code, which provides that an assignor is not relieved of its obligations under a mineral lease unless the lessor has discharged him expressly and in writing. Plaintiffs contend that Mobil must prove that they discharged it expressly and in writing, and as it has never been discharged, it remained a “lessee” under the 1954 mineral lease.
We disagree with this argument. Plaintiffs clearly were not the mineral lessors under the 1954 lease at the time Mobil assigned its interest to Phillips. Furthermore, even if plaintiffs could establish ownership of the minerals, there is simply nothing in this provision conferring the right to receive royalties on a third person such as a surface owner.
Plaintiffs next attempt to avoid prescription by asserting that Mobil’s arguments were actually grounded in prematurity, rather than prescription. The exception of prematurity is dilatory in nature and must be pleaded prior to answering. La.Code Civ. P. art. 926. Plaintiffs argue that because Mobil answered before as-setting its prematurity objection, that objection has been waived. Again, we must disagree. On August 17, 2000, Mobil filed an exception specifically raising the objection of prescription based on the three-year prescriptive period found in Louisiana Civil Code article 3494. On January 25, 2001, Mobil reurged its exception of prescription. As the peremptory exception of prescription may be raised at any time in the trial court prior to submission of the case for decision by virtue of Louisiana Civil Code Procedure article 928, this argument is entirely without merit.[1]
The trial court concluded that because the only basis for the recovery of royalties by plaintiffs from Mobil was the lease which had been transferred or assigned by Mobil to Phillips on December 1, 1995, any claim for royalties against Mobil prescribed, at the very latest, three years later on December |R1, 1998. We agree with the trial court’s conclusion that this lawsuit, filed on June 29, 2000, was untimely, and therefore find no error in the judgment sustaining the exception of prescription.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.

. Plaintiffs’ last argument attempts to refute one of the bases on which Mobil denies liability for royalties based on the language of the 1954 lease. This argument is not pertinent to the resolution of the prescription issue, and will not be addressed by this court.